# U.S. District Court
## U.S. District of Minnesota (DMN)
## CIVIL DOCKET FOR CASE #: <u>0:23−cv−03614−NEB−LIB</u>
### *Internal Use Only*

| | |
|---|---|
| Christopherson v. Cinema Entertainment Corporation | Date Filed: 11/22/2023 |
| Assigned to: Judge Nancy E. Brasel | Date Terminated: 09/17/2024 |
| Referred to: Magistrate Judge Leo I. Brisbois | Jury Demand: Plaintiff |
| Demand: $3,000 | Nature of Suit: 890 Other Statutory |
| Cause: 18:2710(c) Wrongful disclosure of video tape data | Actions |
| | Jurisdiction: Federal Question |

**Plaintiff**

| | | |
|---|---|---|
| **Gina Christopherson** | represented by | **Ben Hutman** |
| *individually and on behalf of all those* | | Sadis & Goldberg LLP |
| *similarly situated* | | 551 Fifth Avenue |
| | | Ste 21st Floor |
| | | New York, NY 10176 |
| | | 914−357−0731 |
| | | Fax: 212−947−3796 |
| | | Email: <u>bhutman@sadis.com</u> |
| | | *LEAD ATTORNEY* |
| | | *PRO HAC VICE* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Caroline Brunkow** |
| | | Forsgren Fisher McCalmont DeMarea |
| | | Tysver |
| | | 225 S 6th Street |
| | | Suite 1500 |
| | | Minneapolis, MN 55402 |
| | | 612−474−3343 |
| | | Email: <u>cbrunkow@forsgrenfisher.com</u> |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Matthew D Forsgren** |
| | | Forsgren Fisher |
| | | Capella Tower |
| | | 225 S. 6th St. |
| | | Ste 1500 |
| | | Minneapolis, MN 55402 |
| | | 612−860−2581 |
| | | Email: <u>mforsgren@forsgrenfisher.com</u> |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Scott Ferrier** |
| | | Sadis & Goldberg LLP |

551 Fifth Ave.
21st Floor
New York
New York, NY 10176
212–947–3793
Email: sferrier@sadis.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael F Cockson**
Faegre Drinker Biddle & Reath LLP
90 S. 7th St.
Ste. 2200
Minneapolis, MN 55402
612–766–8425
Fax: 612–766–1600
Email: michael.cockson@faegredrinker.com
*TERMINATED: 11/30/2023*

V.

**Defendant**

| Cinema Entertainment Corporation | represented by | **Alexander T Mastellar** |

**Alexander T Mastellar**
Rinke Noonan
US Bank Plaza, Suite 300
1015 W. St. Germain St
St Cloud, MN 56301
320–251–6700
Fax: 320–656–3500
Email: amastellar@rinkenoonan.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bonnie Keane DelGobbo**
Baker & Hostetler LLP
1 N. Wacker Dr.
Suite 4500
Chicago, IL 60606–2841
312–416–8185
Fax: 312–416–8195
Email: bdelgobbo@bakerlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joel Christopher Griswold**
Baker & Hostetler, LLP
200 South Orange Avenue
Suite 2300
Orlando, FL 32801

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 11/22/2023 | 1 | COMPLAINT – *Class Action – Demand for Jury Trial* against Cinema Entertainment Corporation (filing fee $ 402, receipt number AMNDC–10674896) filed by Gina Christopherson. Filer requests summons issued. (Attachments: # 1 Civil Cover Sheet) (Cockson, Michael) (Entered: 11/22/2023) |
| 11/22/2023 | 2 | NOTICE of Appearance by Michael F Cockson on behalf of Gina Christopherson. (Cockson, Michael) (Entered: 11/22/2023) |
| 11/22/2023 | 3 | MOTION for Admission Pro Hac Vice for Attorney Ben Hutman. Filing fee $ 100, receipt number AMNDC–10675001 filed by Gina Christopherson. (Cockson, Michael) (Entered: 11/22/2023) |
| 11/22/2023 | 4 | (Text–Only) CLERK'S NOTICE OF INITIAL CASE ASSIGNMENT. Case assigned to Judge Jerry W. Blackwell per 6th Division Master list, referred to Magistrate Judge Leo I. Brisbois. Please use case number 23–cv–3614 (JWB/LIB).  **Notice: All Nongovernmental Corporate Parties must file a Rule 7.1 Corporate Disclosure Statement**.  (MMP) (Entered: 11/22/2023) |
| 11/22/2023 | 5 | Summons Issued as to Cinema Entertainment Corporation. (MMP) (Entered: 11/22/2023) |
| 11/28/2023 | 6 | (Text–Only) ORDER granting 3 Motion for Admission Pro Hac Vice of Attorney Ben Hutman for Gina Christopherson. Approved by Magistrate Judge Leo I. Brisbois on 11/28/2023. (jam) (Entered: 11/28/2023) |
| 11/30/2023 | 7 | NOTICE OF ATTORNEY SUBSTITUTION for Gina Christopherson. (Brunkow, Caroline) (Entered: 11/30/2023) |
| 12/12/2023 | 8 | SUMMONS Returned Executed by Gina Christopherson. Cinema Entertainment Corporation served on 11/27/2023, answer due 12/18/2023. (Brunkow, Caroline) (Entered: 12/12/2023) |
| 12/12/2023 | 9 | STANDING ORDER No. 1. Signed by Judge Jerry W. Blackwell on 12/12/2023. (Attachments: # 1 Exhibit(s))(MSK) (Entered: 12/12/2023) |
| 12/13/2023 | 10 | NOTICE of Appearance by Alexander T Mastellar on behalf of Cinema Entertainment Corporation. (Mastellar, Alexander) (Entered: 12/13/2023) |
| 12/13/2023 | 11 | MOTION for Admission Pro Hac Vice for Attorney Bonnie Keane DelGobbo. Filing fee $ 100, receipt number AMNDC–10716071 filed by Cinema Entertainment Corporation. (Mastellar, Alexander) (Entered: 12/13/2023) |

| | | |
|---|---|---|
| 12/13/2023 | 12 | MOTION for Admission Pro Hac Vice for Attorney Joel Griswold. Filing fee $ 100, receipt number AMNDC–10716097 filed by Cinema Entertainment Corporation. (Mastellar, Alexander) (Entered: 12/13/2023) |
| 12/13/2023 | 13 | STIPULATION *FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT* by Cinema Entertainment Corporation. Jointly Signed by Gina Christopherson and Cinema Entertainment Corporation. (Mastellar, Alexander) (Entered: 12/13/2023) |
| 12/13/2023 | 14 | PROPOSED ORDER TO JUDGE re 13 Stipulation. (Mastellar, Alexander) (Entered: 12/13/2023) |
| 12/14/2023 | 15 | ORDER on 13 Stipulation. Cinema Entertainment Corporation answer due 1/17/2024. Signed by Magistrate Judge Leo I. Brisbois on 12/13/2023.(JLB) (Entered: 12/14/2023) |
| 12/14/2023 | 16 | (Text–Only) ORDER granting 11 Motion for Admission Pro Hac Vice of Attorney Bonnie Keane DelGobbo for Cinema Entertainment Corporation.; granting 12 Motion for Admission Pro Hac Vice of Attorney Joel Christopher Griswold for Cinema Entertainment Corporation. Approved by Magistrate Judge Leo I. Brisbois on 12/14/2023. (jam) (Entered: 12/14/2023) |
| 12/14/2023 | 17 | **RULE 7.1 DISCLOSURE STATEMENT.** There is no parent corporation, publicly held corporation owning 10 percent or more of its stock, or any subsidiaries to report for Cinema Entertainment Corporation. (Mastellar, Alexander) (Entered: 12/14/2023) |
| 01/17/2024 | 18 | MOTION to Dismiss/General *Defendant Cinema Entertainment Corporation's Motion to Dismiss Plaintiff's Complaint* filed by Cinema Entertainment Corporation. (DelGobbo, Bonnie) (Entered: 01/17/2024) |
| 01/17/2024 | 19 | MEMORANDUM in Support re 18 MOTION to Dismiss/General *Defendant Cinema Entertainment Corporation's Motion to Dismiss Plaintiff's Complaint Defendant Cinema Entertainment Corporation's Memorandum of Law in Support of Rule 12(B)(6) Motion to Dismiss Plaintiff's Complaint* filed by Cinema Entertainment Corporation.(DelGobbo, Bonnie) (Entered: 01/17/2024) |
| 01/17/2024 | 20 | LR7.1/LR72.2 WORD COUNT COMPLIANCE CERTIFICATE by Cinema Entertainment Corporation re 19 Memorandum in Support of Motion,. (DelGobbo, Bonnie) (Entered: 01/17/2024) |
| 01/17/2024 | 21 | PROPOSED ORDER TO JUDGE re 18 MOTION to Dismiss/General *Defendant Cinema Entertainment Corporation's Motion to Dismiss Plaintiff's Complaint* filed by Cinema Entertainment Corporation.(DelGobbo, Bonnie) (Entered: 01/17/2024) |
| 01/17/2024 | 22 | NOTICE OF HEARING ON MOTION 18 MOTION to Dismiss/General *Defendant Cinema Entertainment Corporation's Motion to Dismiss Plaintiff's Complaint* : Motion Hearing set for 4/9/2024 at 02:00 PM in Courtroom 3B (STP) before Judge Jerry W. Blackwell. (DelGobbo, Bonnie) (Entered: 01/17/2024) |
| 01/17/2024 | 23 | NOTICE by Cinema Entertainment Corporation re 18 MOTION to Dismiss/General *Defendant Cinema Entertainment Corporation's Motion to Dismiss Plaintiff's Complaint*, 19 Memorandum in Support of Motion, *Fed. R. Civ. P. 5.1 Notice of Constitutional Question* (DelGobbo, Bonnie) (Entered: 01/17/2024) |
| 01/17/2024 | 24 | |

| | | |
|---|---|---|
| | | MEET and CONFER STATEMENT re 18 Motion to Dismiss/General filed by Cinema Entertainment Corporation.(DelGobbo, Bonnie) (Entered: 01/17/2024) |
| 02/01/2024 | 25 | MOTION to Stay *Discovery* filed by Cinema Entertainment Corporation. (DelGobbo, Bonnie) (Entered: 02/01/2024) |
| 02/01/2024 | 26 | NOTICE OF HEARING ON MOTION 25 MOTION to Stay *Discovery* : Motion Hearing set for 2/16/2024 at 01:00 PM in Courtroom 1 (FF) before Magistrate Judge Leo I. Brisbois. (DelGobbo, Bonnie) Modified text on 2/2/2024 (MKB). (Entered: 02/01/2024) |
| 02/01/2024 | 27 | MEMORANDUM in Support re 25 MOTION to Stay *Discovery* filed by Cinema Entertainment Corporation. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(DelGobbo, Bonnie) (Entered: 02/01/2024) |
| 02/01/2024 | 28 | PROPOSED ORDER TO JUDGE re 25 MOTION to Stay *Discovery* filed by Cinema Entertainment Corporation.(DelGobbo, Bonnie) (Entered: 02/01/2024) |
| 02/01/2024 | 29 | MEET and CONFER STATEMENT re 25 Motion to Stay filed by Cinema Entertainment Corporation.(DelGobbo, Bonnie) (Entered: 02/01/2024) |
| 02/05/2024 | 30 | STIPULATION *to Extend Time for Plaintiff to File an Opposition to Defendant's Motion to Dismiss* by Gina Christopherson. Jointly Signed by Cinema Entertainment Corporation and Gina Christopherson. (Hutman, Ben) (Entered: 02/05/2024) |
| 02/05/2024 | 31 | PROPOSED ORDER TO JUDGE re 30 Stipulation. (Hutman, Ben) (Entered: 02/05/2024) |
| 02/06/2024 | 32 | PROPOSED ORDER TO JUDGE re 30 Stipulation. (Hutman, Ben) (Entered: 02/06/2024) |
| 02/06/2024 | 33 | (Text–Only) ORDER on 30 Stipulation. The Stipulation is approved. Plaintiff's Opposition is due by 02/29/2024. Any Reply filed by Defendant is due by 03/22/2024.Signed by Judge Jerry W. Blackwell on 2/6/2024.(MSK) (Entered: 02/06/2024) |
| 02/08/2024 | 34 | MEMORANDUM in Opposition re 25 MOTION to Stay *Discovery* filed by Gina Christopherson. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Hutman, Ben) (Entered: 02/08/2024) |
| 02/08/2024 | 35 | AFFIDAVIT of Ben Hutman in OPPOSITION TO 25 MOTION to Stay *Discovery* filed by Gina Christopherson. (Attachments: # 1 Exhibit(s) Exhibit A)(Hutman, Ben) (Entered: 02/08/2024) |
| 02/14/2024 | 36 | (Text–Only) ORDER – Upon conducting a preliminary review of the Defendant's Motion to Stay Discovery [Docket No. 25 ], the documents submitted in support thereof, [Docket Nos. 27 , 29 ], and the documents opposition thereto [Docket Nos. 34 , 35 ], the Court has determined that a hearing on the Defendant's Motion to Stay Discovery [Docket No. 25 ] is unnecessary and would not benefit the Court in consideration of the Defendant's Motion. The Motion Hearing currently scheduled for February 16, 2024, before Magistrate Judge Leo I. Brisbois is hereby CANCELLED. The Court will take the Defendant's Motion to Stay Discovery [Docket No. 25 ] under advisement upon the written submissions on February 16, 2024, based on the parties' written submissions which were timely filed on CM/ECF. Ordered by Magistrate Judge Leo I. Brisbois on 2/14/2024.(JLB) (Entered: 02/14/2024) |

| | | |
|---|---|---|
| 02/29/2024 | 37 | MEMORANDUM in Opposition re 18 MOTION to Dismiss/General *Defendant Cinema Entertainment Corporation's Motion to Dismiss Plaintiff's Complaint* filed by Gina Christopherson. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Hutman, Ben) (Entered: 02/29/2024) |
| 02/29/2024 | 38 | DECLARATION of Ben Hutman in Opposition to 18 MOTION to Dismiss/General *Defendant Cinema Entertainment Corporation's Motion to Dismiss Plaintiff's Complaint* filed by Gina Christopherson. (Attachments: # 1 Exhibit(s) A. VPPA Joint Hearing (1988), # 2 Exhibit(s) B. VPPA Senate Report, # 3 Exhibit(s) C. Screenshot of Regal Website)(Hutman, Ben) (Entered: 02/29/2024) |
| 03/04/2024 | 39 | MOTION for Admission Pro Hac Vice for Attorney Scott C. Ferrier. Filing fee $ 100, receipt number AMNDC−10881766 filed by Gina Christopherson. (Brunkow, Caroline) (Entered: 03/04/2024) |
| 03/05/2024 | 40 | (Text−Only) NOTICE of Resetting of Hearing, TIME CHANGE ONLY: The hearing on the motion to dismiss set for 04/09/2024 will take at 10:00 AM in Courtroom 3B (STP) before Judge Jerry W. Blackwell. (MSK) (Entered: 03/05/2024) |
| 03/05/2024 | 41 | (Text−Only) ORDER granting 39 Motion for Admission Pro Hac Vice of Attorney Scott Ferrier for Gina Christopherson. Approved by Magistrate Judge Leo I. Brisbois on 3/5/2024. (KMO) (Entered: 03/05/2024) |
| 03/06/2024 | 42 | ORDER denying 25 Motion to Stay. Signed by Magistrate Judge Leo I. Brisbois on 3/6/2024. (JLB) (Entered: 03/06/2024) |
| 03/06/2024 | 43 | PRETRIAL SCHEDULING NOTICE AND ORDER: See Notice and Order for document submission deadlines. Signed by Magistrate Judge Leo I. Brisbois on 3/6/2024. (Attachments: # 1 The Case for Aggressive Civility, # 2 Consent Form)(JLB) (Entered: 03/06/2024) |
| 03/20/2024 | 44 | Reply to Response to Motion re 18 MOTION to Dismiss/General *Defendant Cinema Entertainment Corporation's Motion to Dismiss Plaintiff's Complaint* filed by Cinema Entertainment Corporation. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(DelGobbo, Bonnie) (Entered: 03/20/2024) |
| 03/20/2024 | 45 | APPEAL/OBJECTION OF MAGISTRATE JUDGE DECISION to District Judge re 42 Order on Motion to Stay (DelGobbo, Bonnie) (Entered: 03/20/2024) |
| 03/25/2024 | 46 | (Text−Only) NOTICE of Resetting of Hearing: The hearing on the motion to dismiss, originally set for 04/09/2024, is reset to 4/18/2024 at 10:00 AM in Courtroom 3B (STP) before Judge Jerry W. Blackwell. (MSK) (Entered: 03/25/2024) |
| 03/28/2024 | 47 | (Text−Only) ORDER re: 45 . Defendant filed objections to the Magistrate Judges March 6, 2024 Order denying its motion to stay discovery, though it does not challenge the Magistrate Judges conclusion. Defendants use of objections to argue that the Magistrate Judges decision on a motion to stay discovery could be construed as a decision on the merits, while citing the rule that specifies the Magistrate Judge was ruling within the scope of his authority, is improper. Defendants objections (Doc. No. 45) are OVERRULED, and the Magistrate Judges Order (Doc. No. 42) is AFFIRMED. Objections of this kind do not raise actual issues. Counsel are admonished and are not to file such objections prospectively. Signed by Judge Jerry W. Blackwell on 3/28/2024. (DMM) Modified text on 3/29/2024 (MKB). (Entered: 03/28/2024) |
| 04/04/2024 | 48 | ORDER OF RECUSAL. Judge Jerry W. Blackwell recused. Case reassigned to Judge Nancy E. Brasel for all further proceedings. **NOTE:** the new case number is |

| | | 23–cv–3614 (NEB/LIB). Please use this case number for all subsequent pleadings Signed by Judge Jerry W. Blackwell on 4/4/2024.(BTX) (Entered: 04/04/2024) |
|---|---|---|
| 04/04/2024 | 49 | (Text–Only) NOTICE of Cancelation of Hearing: The hearing on the motion to dismiss set for 4/18/2024 before Judge Jerry W. Blackwell is canceled. Counsel should contact Judge Brasel's Chambers to reset the hearing. (MSK) (Entered: 04/04/2024) |
| 04/05/2024 | 50 | (Text–Only) AMENDED NOTICE of Hearing on Motion: 18 MOTION to Dismiss/General *Defendant Cinema Entertainment Corporation's Motion to Dismiss Plaintiff's Complaint*: The Motion Hearing is rescheduled for 5/6/2024 at 4:00 PM in Courtroom 13W (MPLS) before Judge Nancy E. Brasel. (KMW) (Entered: 04/05/2024) |
| 04/05/2024 | 51 | REPORT of Rule 26(f) Planning Meeting. Filed by Gina Christopherson. Jointly Signed by Cinema Entertainment Corporation. (Attachments: # 1 DOCUMENT FILED IN ERROR – Stipulation and Proposed Protective Order, # 2 DOCUMENT FILED IN ERROR – Stipulated ESI Protocol to be So Ordered)(Hutman, Ben) Modified text on 4/8/2024 (ABR). (Entered: 04/05/2024) |
| 04/05/2024 | 52 | STATEMENT OF CASE as to Cinema Entertainment Corporation. (DelGobbo, Bonnie) (Entered: 04/05/2024) |
| 04/05/2024 | 53 | STATEMENT OF CASE as to Gina Christopherson. (Hutman, Ben) (Entered: 04/05/2024) |
| 04/08/2024 | 54 | STIPULATION *Governing Confidentiality of Discovery Materials* by Gina Christopherson. Jointly Signed by Cinema Entertainment Corporation and Gina Christopherson. (Hutman, Ben) (Entered: 04/08/2024) |
| 04/08/2024 | 55 | PROPOSED ORDER TO JUDGE re 54 Stipulation. (Hutman, Ben) (Entered: 04/08/2024) |
| 04/08/2024 | 56 | STIPULATION by Gina Christopherson. Jointly Signed by Cinema Entertainment Corporation and Gina Christopherson. (Hutman, Ben) (Entered: 04/08/2024) |
| 04/08/2024 | 57 | PROPOSED ORDER TO JUDGE re 56 Stipulation. (Hutman, Ben) (Entered: 04/08/2024) |
| 04/09/2024 | 58 | PROPOSED ORDER TO JUDGE re 56 Stipulation. (Brunkow, Caroline) (Entered: 04/09/2024) |
| 04/09/2024 | 59 | PROPOSED ORDER TO JUDGE re 54 Stipulation. (Brunkow, Caroline) (Entered: 04/09/2024) |
| 04/16/2024 | 60 | (Text–Only) AMENDED NOTICE of Hearing on Motion: 18 MOTION to Dismiss/General *Defendant Cinema Entertainment Corporation's Motion to Dismiss Plaintiff's Complaint* (LOCATION CHANGE ONLY): The Motion Hearing is scheduled for 5/6/2024 at 4:00 PM by Video Conference (no courtroom) before Judge Nancy E. Brasel. For public access dial: 1–669–254–5252 Meeting ID: 160 313 4349 Passcode: 048028 (KMW) (Entered: 04/16/2024) |
| 05/03/2024 | 61 | NOTICE of Change of Address by Bonnie Keane DelGobbo (DelGobbo, Bonnie) (Entered: 05/03/2024) |
| 05/06/2024 | 62 | (Text–Only) AMENDED NOTICE of Hearing on Motion: 18 MOTION to Dismiss/General *Defendant Cinema Entertainment Corporation's Motion to Dismiss Plaintiff's Complaint* (Time Change Only) : Motion Hearing is rescheduled for |

| | | |
|---|---|---|
| | | 5/6/2024 at 4:15 PM in Courtroom 13W (MPLS) before Judge Nancy E. Brasel.<br><br>**Notice to Public:** Please visit our website at https://www.mnd.uscourts.gov/court–schedules for audio connection information for this hearing. Note that hearings might not appear on the court schedule or courthouse kiosk until one week before the hearing date.<br><br>(KMW) (Entered: 05/06/2024) |
| 05/06/2024 | 63 | (Text–Only) **MINUTE ENTRY for proceedings held before Judge Nancy E. Brasel on 5/6/2024: Oral Arguments Motion Hearing.**<br><br>Court Reporter: Renee Rogge<br>Minneapolis Courthouse, Courtroom Video Conference<br>Time: 4:20 p.m. – 5:05 p.m.<br><br>**APPEARANCES:**<br>**For Plaintiff(s):** Ben Hutman; Caroline Brunkow; Scott Ferrier<br>**For Defendant(s):** Alexander Mastellar; Bonnie Keane DelGobbo; Joel Griswold<br><br>**PROCEEDINGS:**<br>**Hearing on: 18 MOTION to Dismiss/General** *Defendant Cinema Entertainment Corporation's Motion to Dismiss Plaintiff's Complaint* **filed by Cinema Entertainment Corporation.**<br>The motion was moved, argued and taken under advisement. Order to follow.<br><br>(KMW) (Entered: 05/06/2024) |
| 05/09/2024 | 64 | PRETRIAL SCHEDULING ORDER: Amended Pleadings due by 12/15/2024. Fact Discovery due by 9/15/2025. Expert Discovery due by 9/15/2025. Joinder of Parties due by 12/15/2024. Motions (non–disp) due 10/15/2025. Motions (disp) due by 11/15/2025. Ready for trial due by 2/15/2026. Signed by Magistrate Judge Leo I. Brisbois on 5/9/2024.(JLB) (Entered: 05/09/2024) |
| 05/10/2024 | 65 | PROTECTIVE ORDER Signed by Magistrate Judge Leo I. Brisbois on 5/10/2024.(JLB) (Entered: 05/10/2024) |
| 05/10/2024 | 66 | ORDER CONCERNING PROTOCOL FOR PRODUCTION OF ELECTRONICALLY STORED INFORMATION on 56 Stipulation. Signed by Magistrate Judge Leo I. Brisbois on 5/10/2024.(JLB) (Entered: 05/10/2024) |
| 07/31/2024 | 67 | NOTICE by Cinema Entertainment Corporation re 18 MOTION to Dismiss/General *Defendant Cinema Entertainment Corporation's Motion to Dismiss Plaintiff's Complaint*, 19 Memorandum in Support of Motion, *Notice of Supplemental Authority in Support of Defendant's Motion to Dismiss* (DelGobbo, Bonnie) (Entered: 07/31/2024) |
| 08/06/2024 | 68 | LETTER TO DISTRICT JUDGE by Gina Christopherson *in Response to Defendant's Notice*. (Hutman, Ben) (Entered: 08/06/2024) |
| 09/10/2024 | 69 | MOTION to Compel *Defendant Cinema Entertainment Corporation's Motion to Compel Production of Documents and Data* filed by Cinema Entertainment Corporation. (DelGobbo, Bonnie) (Entered: 09/10/2024) |
| 09/10/2024 | 70 | |

| | | |
|---|---|---|
| | | MEMORANDUM in Support re <u>69</u> MOTION to Compel *Defendant Cinema Entertainment Corporation's Motion to Compel Production of Documents and Data* filed by Cinema Entertainment Corporation.(DelGobbo, Bonnie) (Entered: 09/10/2024) |
| 09/10/2024 | <u>71</u> | LR7.1/LR72.2 WORD COUNT COMPLIANCE CERTIFICATE by Cinema Entertainment Corporation re <u>70</u> Memorandum in Support of Motion filed by Cinema Entertainment Corporation.(DelGobbo, Bonnie) (Entered: 09/10/2024) |
| 09/10/2024 | <u>72</u> | MEET and CONFER STATEMENT re <u>69</u> Motion to Compel filed by Cinema Entertainment Corporation.(DelGobbo, Bonnie) (Entered: 09/10/2024) |
| 09/10/2024 | <u>73</u> | PROPOSED ORDER TO JUDGE re <u>69</u> MOTION to Compel *Defendant Cinema Entertainment Corporation's Motion to Compel Production of Documents and Data* filed by Cinema Entertainment Corporation.(DelGobbo, Bonnie) (Entered: 09/10/2024) |
| 09/10/2024 | <u>74</u> | NOTICE OF HEARING ON MOTION <u>69</u> MOTION to Compel *Defendant Cinema Entertainment Corporation's Motion to Compel Production of Documents and Data* : Motion Hearing set for 10/1/2024 at 01:00 PM in Courtroom 3 (DUL) before Magistrate Judge Leo I. Brisbois. (DelGobbo, Bonnie) Modified text on 9/10/2024 (KMW). (Entered: 09/10/2024) |
| 09/10/2024 | <u>75</u> | NOTICE OF HEARING ON MOTION <u>69</u> MOTION to Compel *Defendant Cinema Entertainment Corporation's Motion to Compel Production of Documents and Data* : Motion Hearing set for 10/1/2024 at 01:00 PM in Courtroom 3 (DUL) before Magistrate Judge Leo I. Brisbois. (DelGobbo, Bonnie) (Entered: 09/10/2024) |
| 09/12/2024 | <u>76</u> | MOTION to Compel *Discovery* filed by Gina Christopherson. (Hutman, Ben) (Entered: 09/12/2024) |
| 09/12/2024 | <u>77</u> | NOTICE OF HEARING ON MOTION <u>76</u> MOTION to Compel *Discovery* : Motion Hearing set for 10/1/2024 at 01:00 PM in Courtroom 3 (DUL) before Magistrate Judge Leo I. Brisbois. (Hutman, Ben) (Entered: 09/12/2024) |
| 09/12/2024 | <u>78</u> | MEMORANDUM in Support re <u>76</u> MOTION to Compel *Discovery* filed by Gina Christopherson. (Attachments: # <u>1</u> LR7.1/LR72.2 Word Count Compliance Certificate)(Hutman, Ben) (Entered: 09/12/2024) |
| 09/12/2024 | <u>79</u> | Declaration of Ben Hutman in Support of <u>76</u> MOTION to Compel *Discovery* filed by Gina Christopherson. (Attachments: # <u>1</u> Exhibit(s) A. Class Action Complaint, # <u>2</u> Exhibit(s) B. Plaintiff's First Requests for Production, # <u>3</u> Exhibit(s) C. Plaintiff's First Set of Interrogatories, # <u>4</u> Exhibit(s) D. Defendant's Response to Plaintiff's Requests for Production, # <u>5</u> Exhibit(s) E. Defendant's Response to Plaintiff's Interrogatories, # <u>6</u> Exhibit(s) F. Deficiency Letter, # <u>7</u> Exhibit(s) G. Summary of Meet and Confer)(Hutman, Ben) (Entered: 09/12/2024) |
| 09/12/2024 | <u>80</u> | MEET and CONFER STATEMENT re <u>76</u> Motion to Compel filed by Gina Christopherson.(Hutman, Ben) (Entered: 09/12/2024) |
| 09/12/2024 | <u>81</u> | PROPOSED ORDER TO JUDGE re <u>76</u> MOTION to Compel *Discovery* filed by Gina Christopherson.(Hutman, Ben) (Entered: 09/12/2024) |
| 09/17/2024 | <u>82</u> | ORDER ON MOTION TO DISMISS. Defendant Cinema Entertainment Corporation's Motion to Dismiss Plaintiff's Complaint <u>18</u> is GRANTED. LET JUDGMENT BE ENTERED ACCORDINGLY. Signed by Judge Nancy E. Brasel on 9/17/2024. |

| | | |
|---|---|---|
| | | (KMW) (Entered: 09/17/2024) |
| 09/17/2024 | 83 | JUDGMENT (Attachments: # 1 Civil Notice – appeal)(MKB) (Entered: 09/17/2024) |
| | | *Main Document* |
| | | Attachment # 1 *Civil Notice – appeal* |
| 09/19/2024 | 84 | TRANSCRIPT REQUEST for a 30–Day Transcript of 63 Motion Hearing,,, to Court Reporter Renee Rogge. (Brunkow, Caroline) (Entered: 09/19/2024) |
| 10/04/2024 | 85 | TRANSCRIPT of Motions Hearing held on 5/6/2024 before Judge Nancy E. Brasel. (36 pages). Court Reporter: Renee Rogge. For a copy of the transcript, please file a Transcript Request under *Other Filings/Other Documents*.<br><br>**Parties have 21 days to file a *Statement of Redaction*. In accordance with Judicial Conference policy and <u>Local Rule 80.1</u>, the transcript may be released and made remotely electronically available to the public in 90 days.** For further information on redaction procedures, please review <u>Local Rule 5.5</u> and *Case Information* >*Transcripts, Court Reporters and Digital Audio Recordings*.<br><br>Statement of Redaction due 10/25/2024.<br>Redacted Transcript Deadline set for 11/4/2024.<br>Release of Transcript Restriction set for 1/2/2025.<br><br>(RAR) (Entered: 10/04/2024) |
| 10/07/2024 | 86 | NOTICE OF APPEAL TO 8TH CIRCUIT by Gina Christopherson. Filing fee $ 605, receipt number AMNDC–11406873. (Brunkow, Caroline) (Entered: 10/07/2024) |
| 10/07/2024 | 87 | TRANSMITTAL OF APPEAL LETTER TO U. S. COURT OF APPEALS, 8TH CIRCUIT, Re: Notice of Appeal to 8th Circuit 86 . (ABR) (Entered: 10/07/2024) |

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

GINA CHRISTOPHERSON, individually and on behalf of all those similarly situated,

                Plaintiff,

v.

CINEMA ENTERTAINMENT CORPORATION,

                Defendant.

Case No. 23-CV-3614 (NEB/LIB)

ORDER ON MOTION TO DISMISS

---

Gina Christopherson brings this putative class action against Cinema Entertainment Corporation ("CEC"), which owns and operates movie theaters and a corresponding website. On the website, consumers can watch movie trailers and purchase movie tickets. Christopherson claims that CEC programmed the site to track and share consumer behavior with Meta Platforms, Inc. CEC did not obtain consumers' consent to share this information with Meta, so Christopherson, as a website user, alleges violations of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710.

CEC moves to dismiss the complaint, presenting issues of statutory interpretation about whether a movie theater operator qualifies as a "video tape service provider" under the VPPA. The Court determines that it does not, and so the motion is granted.

## BACKGROUND[1]

CEC owns and operates movie theaters in Minnesota, Iowa, Wisconsin, and Nebraska. (Compl. ¶ 2.) On CEC's website, consumers can watch trailers, browse showtimes, and purchase movie tickets. (*Id.* ¶ 3; *but see* ECF No. 19 at 8[2] n.1 (asserting that consumers cannot in fact purchase tickets on CEC's website).) Sometime before December 2019, CEC installed on its website the "Pixel" program that Meta—formerly known as Facebook—offers to website operators to allow them to track the actions of consumers on their websites. (Compl. ¶¶ 3, 32, 34, 37.) CEC programmed Meta Pixel to collect and transmit to Meta (1) the name of the movie for which the consumer bought a ticket, (2) the name of any movie for which the consumer watched a trailer, and (3) the consumer's Facebook ID, among other information. (*Id.* ¶¶ 38–41.)

In 2023, Christopherson accessed CEC's website and watched movie trailers on it. (*Id.* ¶ 47.) Using Meta Pixel, CEC's website transmitted to Meta the name of the trailer that Christopherson watched along with her Facebook ID. (*Id.* ¶ 50.) Christopherson's Facebook page began showing her advertisements for those movies and similar movies. (*Id.* ¶ 47.) Christopherson later returned to CEC's website and bought movie tickets. (*Id.* ¶ 48.) CEC transmitted that information to Meta as well. (*Id.* ¶ 51.)

---

[1] The Court draws the following background from the complaint, accepting as true all factual allegations in the complaint and drawing all reasonable inferences in favor of the nonmovant. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014).

[2] Page citations to the parties' briefs reference ECF page numbers unless otherwise noted.

Christopherson sued CEC on behalf of a class, asserting that it violated the VPPA by disclosing her information to Meta without her consent. CEC now moves to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## ANALYSIS

### I.      Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court must accept as true all plausible factual allegations and draw all reasonable inferences in favor of the non-moving party. *Smithrud v. City of St. Paul*, 746 F.3d 391, 397 (8th Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### II.      VPPA

Christopherson's sole claim against CEC is based on the VPPA. Congress enacted the VPPA in 1988 following a newspaper's publication of a profile of then-Supreme Court nominee Judge Robert H. Bork "based on the titles of 146 films his family had rented from a video store." Sen. Rep. 100-599, at 5 (1988). The purpose of the VPPA is "[t]o preserve personal privacy with respect to the rental, purchase, or delivery of video

3

tapes or similar audio visual materials." *Id.* at 1. Relevant here, to state a VPPA claim, Christopherson must plausibly allege that "[a] video tape service provider . . . knowingly disclose[d], to any person, personally identifiable information concerning any consumer of such provider."[3] 18 U.S.C. § 2710(b).

The Court first considers whether CEC is a "video tape service provider" under the VPPA. In construing a statute, the Court looks to "the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose." *Engine Mfrs. Ass'n v. S. Coast Air Quality Mgmt. Dist.*, 541 U.S. 246, 252 (2004) (citation omitted). When interpreting a statute, courts question "whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *United States v. Kowal*, 527 F.3d 741, 746 (8th Cir. 2008) (citing *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)). In doing so, courts consider the construction of the statute as a whole and may consult dictionary definitions. *Robinson*, 519 U.S. at 341–42. Courts only look beyond the statute's text if the text is ambiguous. *Kowal*, 527 F.3d at 746 (citation omitted).

The VPPA defines "video tape service provider" as "any person, engaged in the business, in or affecting interstate or foreign commerce, of *rental, sale, or delivery* of prerecorded video cassette tapes or similar audio visual materials . . . ." 18 U.S.C.

___
[3] A "consumer" is "any renter, purchaser, or subscriber of goods or services from a video tape service provider." 18 U.S.C. § 2710(a)(1). CEC does not dispute that the complaint sufficiently alleges that Christopherson is a consumer under the VPPA.

§ 2710(a)(4) (emphasis added). CEC contends that it does not rent, sell, or deliver audio visual materials that are similar to prerecorded video cassette tapes. Christopherson maintains that CEC is a "video tape service provider" under the VPPA because CEC (1) sells access to movies, (2) delivers movies to consumers in CEC's theaters, and (3) delivers movie trailers on its website.[4] (ECF No. 37 at 17–18.)

For the reasons below, the Court concludes that the terms "sale" and "delivery" in the VPPA require a transfer of some possessory interest in the audio visual materials being sold or delivered. In doing so, the Court agrees with the reasoning in *Osheske v. Silver Cinemas Acquisition Co.*, 700 F. Supp. 3d 921, 925 (C.D. Cal. 2023), *on appeal*, No. 23-3882 (9th Cir. Nov. 30, 2023).

*"Sale."* Under the VPPA, the term "sale" suggests a transfer of possessory interest. "Sale" is defined as "the act of selling[,] specifically: the transfer of ownership of and title to property from one person to another for a price." "Sale" (noun) df. 1, Merriam-Webster Online Dictionary, at https://www.merriam-webster.com/dictionary/sale [https://perma.cc/D7EH-FCM6]. "Sell," in turn, is defined as "to give up (property) to another for something of value (such as money)." "Sell" (verb) df. 2a(1), Merriam-Webster Online Dictionary, at https://www.merriam-webster.com/dictionary/sell [https://perma.cc/VX75-3G8H]; *see* "sell" (verb) df., Cambridge Online Dictionary, at

---

[4] Christopherson does not contend that CEC rents movies under the VPPA.

https://dictionary.cambridge.org/us/dictionary/english/sell [https://perma.cc/4UBR-ADJ2] (defining "sell" as "to give something to someone else in return for money").

The complaint does not allege that CEC sells video cassette tapes or similar audio visual materials. It claims that "[b]y selling *tickets* to prerecorded movies, providing trailers to those movies, and delivering those movies to consumers in movie theaters, CEC is a 'video tape service provider' under the VPPA." (Compl. ¶ 19 (emphasis added); *see id*. ¶¶ 3, 6, 20, 22).) Under the VPPA, the sale must be of "prerecorded video cassette tapes or similar audio visual materials." 18 U.S.C. § 2710(a)(4). Tickets to watch movies in a theater are neither. *See Osheske*, 700 F. Supp. 3d at 925. "When consumers purchase a movie ticket, they are purchasing a license to enter the theater premises at a particular time and, in effect, attend a *public event*." *Id*.; *see* "ticket" df. 1, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/ticket [https://perma.cc/EJ8R-HU3V] (defining "ticket" as "a certificate or token showing that a fare or admission fee has been paid").

Christopherson argues that "sales are not limited to a commodity in which a transfer of physical property occurs—sales routinely include services or entertainment." (ECF No. 37 at 19.) While that is true as a general proposition, the Court must construe the term "sale" in its context here, under the VPPA. *See United States v. Jungers*, 702 F.3d 1066, 1069 (8th Cir. 2013) ("In interpreting the statute at issue, '[w]e consider not only the bare meaning' of the critical word or phrase 'but also its placement and purpose in

the statutory scheme.'" (citation omitted)). And under the VPPA, the term "sale" applies to video tapes or "similar audio visual materials." *See Stark v. Patreon, Inc.*, 635 F. Supp. 3d 841, 851 (N.D. Cal. 2022) ("Courts have generally construed 'similar audio visual materials' broadly . . . . The scope of the statute is not, however, unbounded.")

The "similar audio visual materials" constriction matters. Under this language, the VPPA does not cover video tape service providers that sell *access* to such materials or that sell services or entertainment. *See Osheske*, 700 F. Supp. 3d at 925 ("Movie theaters do not rent movies, sell movies, or deliver movies; they 'show' movies."). The Court concludes that movie theater operators do not sell movies to consumers in theaters. *See id.*; *Garza v. Alamo Intermediate II Holdings, LLC*, No. 23-CV-05849-VC, 2024 WL 1171737, at *1 (N.D. Cal. Mar. 19, 2024) ("Alamo [a movie theater operator] does not rent or sell movies to moviegoers."), *on appeal*, No. 24-2165 (9th Cir. Apr. 8, 2024).

*"Delivery" of movies in theaters.* Next, Christopherson asserts that CEC is a video tape service provider because it delivers movies to consumers in theaters. Dictionaries define "deliver" as "to take and hand over to or leave for another."[5] "deliver" (verb) df. 2a, Merriam-Webster Online Dictionary, at https://www.merriam-webster.com/ dictionary/deliver [https://perma.cc/DUR3-HJLH]; *see* "deliver" (verb) df., Cambridge Online Dictionary, at https://dictionary.cambridge.org/us/dictionary/english/deliver

---

[5] The VPPA uses the term "delivery," which dictionaries define as "the act or manner of delivering something." "delivery" (noun), Merriam-Webster Online Dictionary, at https://www.merriam-webster.com/dictionary/delivery [https://perma.cc/GUY6-7VXG]. So the Court considers definitions of "deliver."

[https://perma.cc/3CUN-XFLZ] (defining "deliver" as "to take goods, letters, packages, etc. to people's houses or places of work"). This definition aligns with "deliver[ing]" video cassette tapes or similar audio visual materials to a location of the consumer's choosing. *Cf. Osheske*, <u>700 F. Supp. 3d at 926</u> n.3 ("[W]ith delivery through streaming, the consumer is given a possessory interest that allows them to view the videos in their homes or at the place of their choosing."). Christopherson does not claim that CEC hands over any possessory interest in the movie it shows in a theater.

Next, Christopherson argues that "deliver" under the VPPA is not limited to possessory interest, noting that "deliver" is also defined as "to send, provide, or make accessible to someone electronically." "deliver" (verb) df. 2c, Merriam-Webster Online Dictionary, at https://www.merriam-webster.com/dictionary/deliver [https://perma.cc/DUR3-HJLH]. But defining "deliver" to mean "send" "does not cover movie theaters—it would be quite a stretch to say that movie theaters 'send' movies by projecting them onto a screen." *Garza*, <u>2024 WL 1171737</u>, at *1.

This conclusion is bolstered by other district courts considering the issue. Courts have distinguished streaming services from movie theaters based in part on the VPPA's stated purpose of protecting consumer privacy. As courts have noted, "movie theaters are places of public accommodation, and [] individuals there do not enjoy the same privacy rights offered in a private home." *Walsh v. Cal. Cinema Invs. LLC*, No. 2:23-CV-09608-ODW (AJRX), <u>2024 WL 3593569</u>, at *4 (C.D. Cal. July 29, 2024) (citing *Paris Adult*

8

*Theatre I v. Slaton*, 413 U.S. 49 (1973); *see Osheske*, 700 F. Supp. 3d at 925 (similar). In contrast, "streaming services typically send audio visual materials to private devices, often in private homes."⁶ *Walsh*, 2024 WL 3593569, at *4.

For example, in *In re Hulu Privacy Litigation*, the court applied the VPPA to a streaming service. No. C 11–03764 LB, 2012 WL 3282960 (N.D. Cal. Aug. 10, 2012). In its analysis, the court noted that "Congress's concern with privacy and protecting the confidentiality of an individual's choices is relevant context to the Senate Report's discussion of 'similar audio visual materials, such as laser discs, open-reel movies, and CDI technologies.'" *Id.* at *6 (quoting S. Rep. 100–599 at 12). The Senate's examples suggest that "similar audio visual materials" are those that a consumer can choose to view in privacy, thus supporting possessory interest. This Court finds no inconsistency between cases that found streaming services to be video tape service providers and those that declined to do so for movie theaters. *See Osheske*, 700 F. Supp. 3d at 927; *Walsh*, 2024 WL 3593569, at *4.

---

⁶ Christopherson relies on *Goldstein v. Fandango Media, LLC*, in which Fandango allegedly disclosed consumers' personally identifiable information when they watched video clips or purchased movie tickets on its website. No. 22-80569-CIV-MARRA, 2023 WL 3025111, at *2 (S.D. Fla. Mar. 7, 2023). Fandango did not own or operate movie theaters; it allegedly delivered video clips, sold movie tickets, and acted as a "modern-day video store." *Id.* at *1. The court declined to dismiss the complaint because it needed to "determine the nature of [Fandango's] business," which required a factual inquiry beyond the pleadings. *Id.* at *3. And so "selling movie tickets, on its own, was insufficient to give rise to [video service tape provider] status" in *Goldstein*. *Walsh*, 2024 WL 3593569, at *5; *see id.* ("*Goldstein* does not contradict the holding from *Osheske*, that a movie theater sells only 'a license to . . . attend a public event.'" (citing *Osheske*, 700 F. Supp. 3d at 925)).

Christopherson also relies on business-context definitions of "deliver" as "to provide a service" and "to achieve, provide, or produce something."[7] "deliver" (verb) Business English dfs. 2–3, Cambridge Online Dictionary, at https://dictionary.cambridge.org/us/dictionary/english/deliver [https://perma.cc/3CUN-XFLZ]. As explained above, the VPPA covers the sale or delivery of "audio visual materials," not services. *See Garza*, <u>2024 WL 1171737</u>, at *1 (holding that the VPPA "refers to the delivery of a specific kind of good ('audiovisual materials'), not the delivery of a result or outcome"); *Walsh*, <u>2024 WL 3593569</u>, at *4 (agreeing with *Osheske* and *Garza* and "conclud[ing] that movie theaters do not 'deliver' audio visual materials for the purposes of the VPPA").

The legislative history also supports the Court's construction of the statute. Congress enacted the VPPA to "preserve personal privacy with respect to the rental, purchase, or delivery of video tapes or similar audio visual materials."[8] S. Rep. 100–599,

---

[7] Cambridge Online Dictionary provides examples of this business-context definition, *e.g.*, "The company is working tirelessly to *deliver* improved services," and "price wars we see among retailers are a direct result of their need to . . . *deliver* profits." "deliver" (verb) Business English dfs. 2–3, Cambridge Online Dictionary, at https://dictionary.cambridge.org/us/dictionary/english/deliver [https://perma.cc/3CUN-XFLZ] (emphasis added).

[8] The Senate Report on the VPPA explains:

Acknowledging the relationship between the right of privacy and intellectual freedom is a central part of the [F]irst [A]mendment . . . . Protecting an individual's choice of books and films is a second pillar of intellectual freedom under the [F]irst [A]mendment. In *Stanley v. Georgia*, <u>394 U.S. 557, 565</u> (1969), the Court declared, "If the First Amendment

at 1; *see Osheske*, 700 F. Supp. 3d at 926 ("[N]othing in the legislative record . . . suggest[s] that the VPPA was intended to cover public acts." (citing S. Rep. 100-599, at 5–6; 134 Cong. Rec. S16312-01, 1988 WL 177971). Christopherson points to nothing suggesting that Congress intended that the VPPA apply to movie theaters at either its enactment or its amendment in 2013.[9]

Citing references to the term "records" in the legislative history, Christopherson argues that Congress was concerned about extending privacy protection to consumer records. *E.g.*, S. Rep. 100-599, at 2. She surmises that Congress did not expressly list movie theaters when the VPPA was enacted because movie theaters seldom kept records about their customers. The Court is unpersuaded. "[M]ovie theaters were ubiquitous when the VPPA was enacted in 1988 and amended in 2013. Yet there is no suggestion from the statutory language or legislative history that Congress intended to extend a right to privacy to the public act of attending a movie theater showing." *Osheske*, 700 F. Supp. 3d at 927.

---

means anything, it means that a State has no business telling a man, sitting alone in his house, what books he may read or what films he may watch."
S. Rep. 100–599, at *4; *see also id.* at *5 (noting Senator Leahy's remarks in a Senate committee meeting on Judge Bork's nomination, that "[i]t is nobody's business what Oliver North or Robert Bork or Griffin Bell or Pat Leahy watch on television or read or think about when they are home.").

[9] The Video Privacy Protection Act Amendments Act of 2012 "clarif[ied] that a video tape service provider may obtain a consumer's informed, written consent on an ongoing basis and that consent may be obtained through the Internet." 126 Stat. 2414, Pub. L. 112-258 (2013). It "d[id] not change the scope of who is covered by the VPPA[.]" 158 Cong. Rec. H6849-01, H6850 (Dec. 18, 2012).

*"Deliver" movie trailers.* Finally, Christopherson alleges that, apart from delivering movies in theaters, CEC violated the VPPA in connection with delivering movie trailers to consumers through its website. The Court is unpersuaded on this point as well. Under the VPPA, a "video tape service provider" must be "*engaged in the business* . . . of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials." 18 U.S.C. § 2710(a)(4) (emphasis added). To be "engaged in the business" of delivering video content such that a defendant's activities rise to the level of "video tape service provider" requires that the plaintiff sufficiently plead that the defendant's involvement "connotes 'a particular field of endeavor'" or "a focus of the defendant's work." *In re Vizio, Inc., Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1221 (C.D. Cal. 2017) (collecting dictionary definitions) (finding a smart TV manufacturer was a "video tape service provider" under the VPPA). To be engaged in the business of delivering audio visual materials, "the defendant's product must not only be substantially involved in the conveyance of video content to consumers but also significantly tailored to serve that purpose." *Id.* Developers of products or services "that might be peripherally or passively involved in video content delivery do not fall within the statutory definition of a video tape service provider." *Id.* at 1221–22; *see Tawam v. Feld Ent. Inc.*, 684 F. Supp. 3d 1056, 1060-61 (S.D. Cal. July 28, 2023) (dismissing VPPA claim where complaint allegations did not support an inference that the online videos viewed by plaintiffs were more than peripheral to defendant's monster-truck-event

12

business or that defendant's website is significantly tailored to the purpose of conveying those videos).

The complaint alleges that CEC is a video tape service provider "because it provides movie trailers to consumers in order to advertise the movies it sells."[10] (Compl. ¶ 68.) Christopherson does not allege or argue that the focus of CEC's business is showing movie trailers on its website. Similarly, she does not allege that the movie trailers are anything more than marketing for CEC—a business that is otherwise not a video tape service provider. *See Cantu v. Tapestry, Inc.*, 697 F. Supp. 3d 989, 994 (S.D. Cal. 2023) ("That the videos are used for marketing purposes, as admitted in the [complaint], demonstrates that they themselves are not Defendant's product and therefore are only peripheral to Defendant's business."). As a result, the trailers on CEC's website do not make CEC a video tape service provider. *See Walsh*, 2024 WL 3593569, at *5 ("[T]he presence of the trailers on Defendants' website has no relation to Walsh's VPPA claim.").

For these reasons, the Court agrees with courts that have (universally) dismissed VPPA claims against movie theater operators. *See Osheske*, 700 F. Supp. 3d at 922 ("To expand the VPPA to cover the *public* act of attending a movie theater is a bridge too far

---

[10] In contrast, the complaint also alleges that CEC is a video tape service provider "because it *sells movie tickets* to consumers on the CEC Website and *delivers pre-recorded movies to consumers in movie theaters*, thereby "engag[ing] in the business . . . of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials." (Compl. ¶ 67 (emphasis added).)

and is patently inconsistent with both the plain language and legislative history of the VPPA itself."); *Garza*, 2024 WL 1171737; *Walsh*, 2024 WL 3593569. Because CEC is not a "video tape service provider" under the VPPA, Count I is dismissed.[11]

## CONCLUSION

Based on the above and on all the files, records, and proceedings herein, Defendant Cinema Entertainment Corporation's Motion to Dismiss Plaintiff's Complaint (ECF No. 18) is GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 17, 2024                    BY THE COURT:

                                             s/Nancy E. Brasel
                                             Nancy E. Brasel
                                             United States District Judge

---

[11] Because the Court finds that CEC is not subject to the VPPA, it does not address the other elements of the VPPA claim or CEC's constitutional challenge of the VPPA.

14

# UNITED STATES DISTRICT COURT
### District of Minnesota

Gina Christopherson

**JUDGMENT IN A CIVIL CASE**

Plaintiff,

v.

Case Number: 23-cv-03614-NEB-LIB

Cinema Entertainment Corporation

Defendant.

☐ **Jury Verdict**.  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**.  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

Based on the above and on all the files, records, and proceedings herein,

Defendant Cinema Entertainment Corporation's Motion to Dismiss Plaintiff's

Complaint (ECF No. 18) is GRANTED.

Date: 9/17/2024

KATE M. FOGARTY, CLERK



# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**Warren E. Burger Federal Building and U.S. Courthouse**
316 North Robert Street
Room 100
St. Paul, MN 55101

**Diana E. Murphy U.S. Courthouse**
300 South Fourth Street
Room 202
Minneapolis, MN 55415

**Gerald W. Heaney Federal Building and U.S. Courthouse and Customhouse**
515 West First Street
Duluth, MN 55802

**Edward J. Devitt U.S. Courthouse and Federal Building**
118 South Mill Street
Fergus Falls, MN 56537

## CIVIL NOTICE

**The appeal filing fee is $605.00. If you are indigent, you can apply for leave to proceed in forma pauperis, ("IFP").**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals or the Federal Circuit Court of Appeals (when applicable) from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or
2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or
3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or
4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GINA CHRISTOPHERSON, individually and on behalf of all those similarly situated, | Case No. 0:23-cv-03614 |
| Plaintiff, | Judge Nancy E. Brasel |
| | Magistrate Judge Leo I. Brisbois |
| v. | |
| CINEMA ENTERTAINMENT CORPORATION, | **<u>NOTICE OF APPEAL</u>** |
| Defendant. | |

Notice is hereby given that Plaintiff Gina Christopherson, individually and on behalf of all those similarly situated, appeals to the United States Court of Appeals for the Eighth Circuit from the final Judgment entered in this civil action on September 17, 2024 (ECF No. 83), and Order Granting Defendant's Motion to Dismiss entered on September 17, 2024 (ECF No. 82).

Date:  October 7, 2024                          _s/ Caroline H. Brunkow_____
                                                **FORSGREN FISHER MᴄCALMONT DᴇMAREA**
                                                **TYSVER LLP**
                                                Matthew D. Forsgren, Reg. No. 0246694
                                                Caroline H. Brunkow, Reg. No. 0398936
                                                Capella Tower
                                                225 South 6th Street, Suite 1500
                                                Minneapolis, MN 55402
                                                (612) 474-3300
                                                mforsgren@forsgrenfisher.com
                                                cbrunkow@forsgrenfisher.com

                                                Ben Hutman (*pro hac vice*)
                                                **SADIS & GOLDBERG LLP**
                                                551 Fifth Avenue, 21st Floor
                                                New York, New York 10176
                                                (212) 947-3793
                                                bhutman@sadis.com

                                                *Attorneys for Plaintiff Gina Christopherson*



# UNITED STATES
# DISTRICT COURT
# DISTRICT OF MINNESOTA

**Warren E. Burger Federal Building and U.S. Courthouse**
316 North Robert Street
Room 100
St. Paul, MN 55101

**Diana E. Murphy U.S. Courthouse**
300 South Fourth Street
Room 202
Minneapolis, MN 55415

**Gerald W. Heaney Federal Building and U.S. Courthouse and Customhouse**
515 West First Street
Duluth, MN 55802

**Edward J. Devitt U.S. Courthouse and Federal Building**
118 South Mill Street
Fergus Falls, MN 56537

## TRANSMITTAL OF APPEAL

Date:   10/7/2024

To:     U.S. COURT OF APPEALS, 8TH CIRCUIT

From:  abr, U.S. District Court-Minnesota

In Re:  District Court Case No. 23-cv-3614 (NEB/LIB)
Eighth Circuit Case No.:  not yet assigned
Case Title:  Christopherson v. Cinema Entertainment Corporation

The statutory filing fee has:
☒been paid, receipt number: AMNDC-11406873
☐not been paid as of
            IFP      ☐is   ☐is not pending
☐been waived because:
            ☐Application for IFP granted   ☐USA filed appeal

Length of Trial:  n/a

Was a court reporter utilized?   ☒Yes   ☐No
If yes, please identify the court reporter:
Renee Rogge, 612-664-5107